Filed 7/27/16  De Nunzio v. J.P. Morgan Chase CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| HERMAN A. DE NUNZIO ET AL., | 2d Civil No. B267949 |
| Plaintiffs and Appellants, | (Super. Ct. No. 1459423) |
| | (Santa Barbara County) |
| v. | |
| J.P. MORGAN CHASE N.A., | |
| Defendant and Respondent. | |

Proceeding in propria persona, appellants Herman A. De Nunzio and Vivi M. De Nunzio appeal from a judgment of dismissal in favor of respondent JPMorgan Chase Bank, N.A., erroneously sued as "J.P. Morgan Chase N.A."  The judgment was entered after the trial court had sustained, without leave to amend, respondent's demurrer to appellants' Fourth Amended Complaint.  We affirm.

*Facts*

In November 2004 a deed of trust encumbering appellants' Solvang residence was recorded.  The deed of trust secured a $520,000 loan to appellants from Washington Mutual Bank.  In 2008 respondent became the successor in interest to Washington Mutual.[1]  On March 30, 2011, respondent sent an "Annual Escrow Account Statement" to appellants.  The statement said that the escrow account "is used to pay

---

[1]  In their opening brief, appellants allege that respondent "acquired [Washington Mutual] through an order by the FDIC."

items such as your property taxes and insurance premiums when they are due." The statement informed appellants that they had an "escrow account shortage" of $19,760.94.

By a check dated July 11, 2011, appellants paid the $19,760.94. On July 28, 2011, California Reconveyance Company (CRC), a debt collector, wrote appellants a letter stating that their home loan was delinquent in the amount of $34,388.32 because they had failed to make 11 monthly payments. CRC did not mention the $19,760.94 that appellants had paid to cover the escrow account shortage.

On September 20, 2011, appellant Herman De Nunzio sent an email to Ronald Anderson, the manager of respondent's Santa Maria branch office. Appellant said that CRC had "called and told [him] that [he] owed $38,800." Anderson replied: "I was told that money [the $19,760.94 paid by appellants in July] went towards your delinquent property taxes. The $38,000+ is for delinquent loan paymen[ts and] . . . the loan was approximately 1 year behind."

In March 2012 the residence was sold for $253,952 at a nonjudicial foreclosure sale. The amount of the unpaid debt together with costs was $585,378.64.

*Fourth Amended Complaint*

The Fourth Amended Complaint consists of three causes of action: declaratory relief, accounting, and unfair business practices. In the cause of action for declaratory relief, appellants "claim that there is a credit due, and owing, based upon their payment [to respondent] of a lump sum of $19,760.94 on 7/11/2011, and that [respondent] never paid all of such sums on taxes to the County of Santa Barbara." Appellants assert: "A determination is required . . . as to the parties' duties and obligation as to the disputed funds." The cause of action for an accounting seeks "an explanation as to the dispersal, credit, or disposition of the funds paid by [appellants] to [respondent] as loan payments and impound charges for tax payments." The cause of action for unfair business practices alleges that respondent failed "to actually credit, account for, and administer the escrow impound accounts, in their custody, care, and

2

control, before and after foreclo[s]ur[e] on the primary residence of the [appellants] who paid into such accounts . . . ." Appellants seek "payment of the $19,760.94, together with interest upon such sum[] at the rate of 2% simple interest p[er] year."

*Trial Court's Ruling*

In sustaining the demurrer without leave to amend, the trial court reasoned: "[Appellants] were in arrears on *both the loan and escrow account amounts*. [They] admitted in prior complaints that the $19,706, the shortfall in the escrow account and at issue in [the] fourth operative pleading, *was used by* [respondent] *to pay back taxes*. Facts established by pleadings are judicial admissions, and judicial admissions [' " ']are conclusive concessions of the truth of those matters, are effectively removed as issues from the litigation, and may not be contradicted by the party whose pleadings are used against him or her.[' " '] (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 746; [citation].) . . . [Appellants] have simply failed to show an ongoing controversy about the nature of the $19,706. It follows, therefore, that they cannot state a . . . cause of action [for unfair business practices]. Nor is there a reasonable possibility that [appellants] can amend to state one."

*Standard of Review*

"A demurrer tests the legal sufficiency of factual allegations in a complaint. [Citation.] A trial court's ruling sustaining a demurrer is erroneous if the facts alleged by the plaintiff state a cause of action under any possible legal theory. [Citations.]" (*Lee Newman, M.D., Inc. v. Wells Fargo Bank* (2001) 87 Cal.App.4th 73, 78.)

"[W]e apply the de novo standard of review in an appeal following the sustaining of a demurrer . . . ." (*California Logistics, Inc. v. State* of California (2008) 161 Cal.App.4th 242, 247.) "[W]e assume the truth of all facts properly pleaded in the complaint and its exhibits or attachments, as well as those facts that may fairly be implied or inferred from the express allegations. [Citation.] 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.' [Citation.]" (*Cobb v.*

3

*O'Connell* (2005) 134 Cal.App.4th 91, 95.) " 'If the facts appearing in [an] attached exhibit contradict those expressly pleaded, those in the exhibit are given precedence. [Citation.]' [Citation.]" (*Duncan v. The McCaffrey Grp., Inc.* (2011) 200 Cal.App.4th 346, 360, disapproved on another ground in *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n* (2013) 55 Cal.4th 1169, 1176, 1179, 1182.)

*Discussion*

Appellants have "the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer . . . ." (*Martin v. Bridgeport Community Assoc., Inc.* (2009) 173 Cal.App.4th 1024, 1031.) Appellants have failed to carry their burden. But they contend that they can now state a cause of action for wrongful foreclosure pursuant to our Supreme Court's recent decision in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 939 (*Yvanova*). Appellants argue that under *Yvanova* they "have standing to sue for illegal foreclosure based upon a void transaction with regard to the underl[y]ing Deed of Trust." "When this Court reviews the pleadings <u>de novo</u> it will see Appellant[s] always had a case under . . . <u>Yvanova</u>." "Appellants should be allowed to amend to show exactly when, w[h]ere, and how the [Washington Mutual] Deed was lost thru the Securitization as explained in the Ting Report."

There are two problems with appellants' argument. First, it is based on the "Ting Report," i.e., a report prepared by Aequitas Compliance Solutions, Inc., in February 2012 and entitled, "Foreclosure in California, a Crisis of Compliance." On April 5, 2016, we denied appellants' request to take judicial notice of this report.

Second, appellants fail to demonstrate how they will be able to plead a cause of action for wrongful foreclosure under *Yvanova*. There, our Supreme Court held "that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment [of the note and deed of trust to the foreclosing party] merely because he or she was in default on the loan and

4

was not a party to the challenged assignment." (*Yvanova, supra*, 62 Cal.4th at p. 924.) The court noted, "If a purported assignment . . . is absolutely void, meaning of no legal force or effect whatsoever [citations], the foreclosing entity has acted without legal authority by pursuing a trustee's sale, and such an unauthorized sale constitutes a wrongful foreclosure. [Citation.]" (*Id.*, at p. 935.)

"[T]he burden falls squarely on [appellants] to show what facts [they] could plead to state a cause of action [for wrongful foreclosure] if allowed the opportunity to replead. [Citation.] To meet this burden, [appellants] must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action. [Citations.] Absent such a showing, the appellate court cannot assess whether or not the trial court abused its discretion by denying leave to amend. [Appellants] never filed a proposed amended complaint when [they] opposed the demurrer[] below so the only new facts for this court to consider are those [they] set[] forth in [their] opening brief." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890.)

Appellants " ' "must show in what manner [they] can amend [their] complaint and how that amendment will change the legal effect of [their] pleading." [Citation.] . . . [They] must clearly and specifically set forth the "applicable substantive law" [citation] and the legal basis for amendment, i.e., the elements of the cause of action [for wrongful foreclosure] and authority for it. Further, [appellants] must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.]' " (*Rosen v. St. Joseph Hospital of Orange County* (2011) 193 Cal.App.4th 453, 458.)

Appellants' argument consists of conclusory allegations without factual or legal analysis. They do not " 'clearly and specifically set forth the "applicable substantive law" [citation] and the legal basis for amendment, i.e., the elements of the cause of action [for wrongful foreclosure] and authority for it.' " (*Rosen v. St. Joseph*

5

*Hospital of Orange County*, *supra*, 193 Cal.App.4th at p. 458.)  Nor do they " 'set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.]' "  (*Ibid*.)  Appellants allege no facts showing a void assignment of the deed of trust.

*Disposition*

The judgment is affirmed.  Respondent shall recover its costs on appeal. <u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

6

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

Herman De Nunzio, in propria persona, for Plaintiffs and Appellants.

Bryan Cave; Deborah P. Heald, Glenn J. Plattner, for Defendants and Respondents.